IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **04-K-1391**

**HANS-PETER KAEMPFER**,

Plaintiff,

v.

**DAVID P. LIEB and LIEB PRECISION TOOL, INCORPORATED**,

Defendants.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

---

I.      Parties and Jurisdiction.

1.      Plaintiff Hans-Peter Kaempfer ("Kaempfer") is a citizen and resident of Germany.

2.      Defendants David P. Lieb ("Lieb") and Lieb Precision Tool, Inc. ("LPT") are residents of Colorado.

3.      The parties have diversity of citizenship, and the amount in controversy, excluding costs, exceeds $75,000.

II.     Background.

4.      In the summer of 2002, Lieb was employed by Micro Glide, Inc. ("Micro Glide"), a subsidiary of Saint-Gobain Ceramics & Plastics, Inc. ("Saint Gobain").  At the time, Micro Glide produced a variety of products, including tooling for the can industry.

5.      Kaempfer is the owner of a German business entity, Wallram GmbH ("Wallram"), that makes machine tools for the aluminum and steel can industry.  By 2002, Wallram had been a customer of Saint Gobain and Micro Glide for several years.

6.      Lieb met Kaempfer through the business relationship between Wallram and Saint Gobain.  When Lieb transferred to the Micro Glide subsidiary to work as a Product Manager, he became responsible for the customer relationship between Micro Glide and Wallram.

III.    Findings of Fact.

1.      The jury has found that there was a contract between Mr. Kaempfer and LPT that, in exchange for Mr. Kaempfer providing the $700,000 necessary for the purchase of Micro Glide assets, LPT would transfer 51% ownership of LPT to Mr. Kaempfer.  (Jury Verdict Form (Doc. 120), ¶ 2a.)

2.      The jury has also found that LPT breached this contract (*id.* ¶ 2b), and that LPT failed to prove any of its asserted affirmative defenses that would operate to preclude a remedy for this breach.  (*Id.* ¶ 3.)  The jury found that Mr. Lieb was not personally liable under the contract.  (*Id.* ¶ 1b.)

3.      Based on the Jury Verdict and the evidence presented at trial, I find Mr. Lieb, on behalf of LPT, promised to give Mr. Kaempfer a 51% ownership of LPT effective January 1, 2003.

4.     The parties have stipulated that while employed as an officer and director of LPT, Mr. Lieb developed a process for the production of improved zirconia products and applied for a patent in his name for that process.  (*See* Pretrial Order, p. 12 (Doc. 89) Stipulation P.)

5.     While there was evidence at trial suggesting a patent will not issue on the improved zirconia process, the patent application remains pending.

IV.    Conclusions of Law.

1.     <u>Breach of Contract - Remedy</u>.  For his remedy on his claim for breach of contract, Mr. Kaempfer seeks specific performance of the parties' agreement that he was to have received 51% ownership of LPT on January 1, 2003.  An order of specific performance is "designed to remedy a past breach of contract by fulfilling the legitimate expectations of the wronged promisee."  *Ballow v. PHICO*, 878 P.2d 672, 680 (Colo. 1994).  Based on the jury verdict and the evidence presented at trial, I conclude an order for specific enforcement is the proper and equitable remedy for LPT's breach of contract.

2.     <u>Resulting Trust</u>.  Under a claim entitled "resulting trust," Mr. Kaempfer sought an order that property held in trust by another – in this case, 51% ownership of LPT being held by Lieb – be transferred to him.  As I instructed the jury in Instruction No. 3.1, I viewed this claim as an alternate, equitable theory of relief to Mr. Kaempfer's claim at law for breach of contract.  Based on the jury's verdict and

the evidence presented at trial, I find 51% of the interest in LPT currently held by Mr. Lieb properly belongs to Mr. Kaempfer and may be deemed, as a matter of equity, as being held by Mr. Lieb in trust for Mr. Kaempfer.  Accordingly, and in the alternative to Mr. Kaempfer's right to a 51% interest LPT pursuant to the parties' contract, I conclude Mr. Kaempfer is entitled to a 51% interest in LPT effective January 1, 2003 on the alternate equitable theory of resulting trust.

3.    <u>Declaratory Judgment - Ownership of Invention.</u>  Even accepting that Mr. Lieb developed a process for the production of improved zirconia products while acting as the sole officer and director of LPT and applied for a patent in his name, I am unpersuaded by Mr. Kaempfer's assertion under *Scott System, Inc. v. Scott*, 996 P.2d 775 (Colo. App. 2000) that an order compelling Mr. Lieb to assign that pending patent application to LPT is warranted or equitable.  *Scott* concerned an employee of a corporation, not a principal or director, and is not directly applicable to the facts of the present case.  Moreover, the question of the "ownership" of an invention is a matter governed exclusively in patent and until such patent issues, any order for its transfer from an "employee" to his "corporation" is premature. Because I decline to declare ownership rights in an as yet unpatented improved zirconia product process, I reject Mr. Kaempfer's request for an assignment of such rights from Mr. Lieb to LPT.  Mr. Kaempfer may pursue any interest of LPT in the ownership of the invention if and when a patent issues.

THEREFORE, based on the jury verdict rendered December 22, 2006, and these Findings of Fact and Conclusions of Law, it is ORDERED that:

1.      Defendant Lieb Precision Tool, Incorporated ("LPT") shall issue the stock necessary to provide plaintiff Hans-Peter Kaempfer with 51% ownership of LPT, effective January 1, 2003, within eleven (11) business days of the Final Judgment;

2.      Plaintiff Hans-Peter Kaempfer, as the prevailing party, is awarded costs according to Fed. R. Civ. P. 54(d)(1).

Dated this  16th  day of January, 2007 at Denver, Colorado.

                                          s/John L. Kane
                                         SENIOR U.S. DISTRICT JUDGE